| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |
|  |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **View Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **FKA  CF Finance Acquisition Corp. II** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-3235065** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**6280 America Center Drive, Suite 200**<br>**San Jose, CA 95002**<br>Number, Street, City, State & ZIP Code<br><br>**Santa Clara**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | _____ |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Official Form 201               **Voluntary Petition for Non-Individuals Filing for Bankruptcy**               page 1

Debtor **View Inc.**                                                                                                       Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    ____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. Check **all** *that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ■ A plan is being filed with this petition.
  - ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

Debtor **View Inc.**    Case number (*if known*)
    Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Schedule A**    Relationship

District _____    When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.    Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **View Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| | | |
|---|---|---|
| Debtor | **View Inc.** | Case number (*if known*) |
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 2, 2024**
MM / DD / YYYY

X **/s/ William T. Krause**                                  **William T. Krause**
Signature of authorized representative of debtor            Printed name

Title  **Chief Legal Officer**

**18. Signature of attorney**

X **/s/ Patrick J. Reilley**                                 Date **April 2, 2024**
Signature of attorney for debtor                             MM / DD / YYYY

**Patrick J. Reilley**
Printed name

**Cole Schotz P.C.**
Firm name

**500 Delaware Avenue**
**Suite 1410**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 652-3131**      Email address  **preilley@coleschotz.com**

**4451 DE**
Bar number and State

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VIEW, INC., *et al.*, | Case No. 24-[____] (_) |
| Debtors. | (Joint Administration Requested) |

**Attachment to Voluntary Petition for Non-Individuals Filing for**

**Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-39470</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>September 30, 2023</u>.

   a. Total assets                                                                 <u>$291,438,000</u>

   b. Total debts (including debts listed in 2.c., below)                          <u>$359,376,000</u>

   c. Debt securities held by more than 500 holders                                Not applicable

   d. Number of shares of preferred stock                                          <u>0</u>[1]

   e. Number of shares common stock                                                <u>4,053,580</u>

   Comments, if any: <u>Total assets, debts and shares of common stock are listed as set forth in the Debtors' unaudited consolidated financial statements for the quarterly period ended September 30, 2023, as set forth in the Debtor's Form 10-Q filed on November 9, 2023. The Debtor's Form 10-Q lists the consolidated total assets and total liabilities of the Debtor and its subsidiaries, with all intercompany transactions eliminated in consolidation.</u>

3. Brief description of debtor's business: <u>View, Inc. and its debtor and non-debtor affiliates design, manufacture, and provides electrochromic or smart glass panels to which they add a 1 micrometer (~1/100th the thickness of human hair) proprietary electrochromic coating. These smart glass panels, in combination with View's proprietary network infrastructure, software and algorithms, intelligently adjust in response to the sun by tinting from clear to dark states, and vice versa, to minimize heat and glare without ever blocking the view.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtor: <u>SVF Excalibur (Cayman) Limited, CF Finance Holdings II, LLC, Anson Funds Management LP, USAA Real Estate, Rao Mulpuri, and Taconic Capital Advisors L.P.</u>

---

[1] 1,000,000 preferred shares are authorized, but none are issued or outstanding.

# SCHEDULE A

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | **Debtors** | **Federal Employer Identification Number** |
|---|---|---|
| 1. | View, Inc. | 84-3235065 |
| 2. | View Operating Corporation | 30-0414899 |
| 3. | Iotium, Inc. | 47-3704600 |

**RESOLUTIONS OF THE BOARD OF DIRECTORS**

<u>**Commencement and Prosecution of Chapter 11 Cases**</u>

**WHEREAS**, the Board of Directors (the "**Board**") of View, Inc., a Delaware corporation (the "**Company**") has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, and credit market conditions; and

**WHEREAS**, the Board previously resolved to explore strategic alternatives for the Company and, in particular, approved the appointment of SOLIC Capital Advisors, LLC and SOLIC Capital, LLC (collectively, "**SOLIC**") to assist the Company in addressing its debt and liquidity positions and to consider all strategic alternatives including restructuring or refinancing the Company's debt, seeking additional debt or equity capital, reducing or delaying the Company's business activities and strategic initiatives, or selling assets, other strategic transactions and/or other measures (any such transaction, a "**Potential Transaction**"); and

**WHEREAS**, the Board has surveyed potential restructuring options for the Company, including any Potential Transactions, and has considered presentations by management as well as financial and legal advisors to the Company (such advisors in such applicable capacities, collectively, the "**Advisors**") regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company's business, prospects and enterprise value; and

**WHEREAS**, the Board has reviewed, had the opportunity to consult with, and ask questions of, the management and Advisors, and fully considered each of the strategic alternatives available to the Company, including the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that a voluntary petition (the "**Petition**") be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing a case (the "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have the Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by its affiliated debtors, under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case, together with such other separate cases, the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that the Authorized Officers (as defined below) of the Company, be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to execute, acknowledge, deliver, and

verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Officer may determine; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company: (i) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "**Plan**"), an associated disclosure statement (the "**Disclosure Statement**"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "**Restructuring Transactions**"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, from time to time in the name and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as any Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such Authorized Officer and by the Company; and it is further

**RESOLVED**, that (i) any Authorized Officer shall be, and each of them, acting alone or in any combination, hereby is,  authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby (the "**Restructuring Documents**") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties

2

and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

**Restructuring Support Agreement**

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the Advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long-term prospects of the Company and its subsidiaries and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business; and

**WHEREAS**, the Board has reviewed and evaluated the proposed restructuring transaction involving the Company and certain of its subsidiaries that provides for, among other things, the execution of the Restructuring Support Agreement substantially in the form presented to the Board (including the exhibits and schedules thereto, the "**Restructuring Support Agreement**"); and

**WHEREAS**, the Board has approved of the Restructuring Support Agreement and recommended that the Company enter into the Restructuring Support Agreement; and

**WHEREAS**, under the totality of the circumstances, the Board has determined that it is desirable and in the best interests of the Company and its stakeholders generally that the Company enter into the Restructuring Support Agreement, on the terms and conditions set forth therein.

**NOW, THEREFORE, BE IT RESOLVED**, that, under the totality of the circumstances the Restructuring Support Agreement is in the best interests of the Company and the form, terms and provisions of the Restructuring Support Agreement in substantially the form presented to the Board, together with such further modifications or changes thereto as any of the Authorized Officers of the Company (or any equivalent authorized person) deems necessary or advisable, including the terms and conditions set forth therein and the transactions contemplated thereby, be, and hereby are, approved, adopted, authorized and ratified by the Board in all respects; and it is further

**RESOLVED**, that, the Board hereby approves, adopts, authorizes and ratifies in all respects the Restructuring Support Agreement; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to enter into the Restructuring Support Agreement and to enter into any agreements, documents, or instruments related thereto; and it is further

**RESOLVED**, that the execution, delivery and performance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby, on the terms set forth in the Restructuring Support Agreement by the applicable parties, be, and hereby are, approved, adopted, authorized and ratified in all respects; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to execute and deliver and to cause the Company to perform, as applicable, all the obligations and actions pursuant to and in furtherance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby.

**Retention of Professionals**

**RESOLVED**, that the law firm of Cole Schotz P.C. ("**Cole Schotz**") be, and hereby is, authorized, directed, and empowered to represent the Company as restructuring and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz; and it is further

**RESOLVED**, that SOLIC be, and hereby is, authorized, directed, and empowered to represent the Company as investment banker and financial restructuring adviser to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of SOLIC; and it is further

**RESOLVED**, that Kroll Restructuring Administration LLC ("**Kroll**" and together with Cole Schotz and SOLIC, collectively, the "**Professionals**") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, balloting, and administrative agent in connection with the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized,

4

directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and achieving a successful reorganization, and in connection therewith, the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of such firms.

**Post-Petition Financing/ "DIP' Financing Term Sheet**

**WHEREAS**, the Company, as debtor and debtor in possession under the Chapter 11 Case, intends to obtain senior secured, superpriority, postpetition financing and the use of cash collateral (the "**DIP Financing**") on the terms and conditions of the proposed debtor-in-possession financing term sheet, substantially in the form presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer (together with any ancillary documents, the "**DIP Facility Term Sheet**") between the Company as borrower, the DIP Lenders (as identified on the DIP Facility Term Sheet, (the "**DIP Lenders**")) and Cantor Fitzgerald Securities, in its capacity as Administrative Agent (the "**DIP Agent**"), and other such other agents and entities from time to time party thereto, and to grant to the DIP Agent and for the benefit of the DIP Lenders security interests in and liens with priority under section 364(c) of the Bankruptcy Code upon some, any, or all of the Company's assets; and

**WHEREAS**, the Company will obtain benefits from the incurrence of the loans, issuance of any letters of credit and guaranties, and any and all related transactions contemplated under a DIP financing agreement consistent with the terms set forth in the DIP Facility Term Sheet (collectively, the "**DIP Financing Transactions**"), which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and it is further

**RESOLVED**, that the Company is authorized to obtain DIP Financing and to grant to the DIP Agent and for the benefit of the DIP Lenders security interests in and liens with priority under section 364(c) of the Bankruptcy Code upon some, any, or all of the Company's assets on terms and conditions set forth in the DIP Facility Term Sheet, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by a Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the

5

Company, to secure the payment and performance of any post-petition financing by (i)(a) pledging or granting liens or mortgages on, or security interests in, all or any portion of the Company's assets, whether now owned or hereafter acquired, and (b) causing any subsidiary of the Company, if any, to pledge or grant liens or mortgages on, or security interests in, all or any portion of such subsidiary's assets, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into, including, without limitation, causing any subsidiaries of the Company to enter into, such credit agreements, guarantees, other debt instruments, security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust, and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate, or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of the Company.

**General Resolutions**

**RESOLVED**, that the Board hereby adopts any resolution required under the applicable securities laws of any jurisdiction to be adopted in connection with any of the transactions contemplated hereby, if (i) in the opinion of any Authorized Officer, the adoption of such resolution is necessary or advisable, and (ii) the corporate secretary of the Company evidences such adoption by inserting into the minute book of the Company a copy of such resolution, which will thereupon be deemed to have been adopted by the Board with the same force and effect as if specifically presented to a duly called meeting of the Board; and it is further

**RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company; and it is further

**RESOLVED**, that the Chief Executive Officer, Interim Chief Financial Officer and Chief Legal Officer (the "**Authorized Officers**") are hereby each severally authorized in the name of and on behalf of the Company to perform any and all acts as may be necessary or desirable to execute, file and deliver all instruments and other documents contemplated by the foregoing resolutions and to take any and all further action that such person or persons may deem

6

necessary or desirable to effectuate any action authorized by these resolutions and otherwise to carry out the purposes and intentions of the foregoing resolutions; and the execution by any such person or persons of any such documents or the performance by any such person or persons of any such act in connection with the foregoing matters shall conclusively establish his or her authority therefor from the Company and the approval and ratification by the Company of the documents so executed and the actions so taken; and it is further

**RESOLVED**, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and it is further

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto or contemplated by the foregoing resolutions (including, without limitation, the Restructuring Transactions and the DIP Financing Transactions) are hereby ratified, approved, confirmed and accepted in all respects.

## AUTHORIZED OFFICER'S CERTIFICATE

This Authorized Officer's Certificate (this "**Certificate**") is furnished in connection with that certain chapter 11 petition to be filed on April 1, 2024 (as amended, modified or supplemented from time to time, the "**Petition**") by View, Inc., a Delaware corporation (the "**Company**").

The undersigned, being an Authorized Officer of the Company, hereby certifies, solely in his capacity as such and not in his individual capacity and without personal liability, that attached hereto is a true, correct and complete copy of the resolutions adopted by the Board of Directors of the Company at a scheduled meeting on March 15, 2024, in accordance with the bylaws of the Company and the requirements of applicable law, and such resolutions have not been modified, rescinded or amended and are in full force and effect as of the date of this Certificate.

IN WITNESS WHEREOF, the undersigned has executed this certificate on the 1st day of April, 2024.

By: /s/ William T. Krause
Name: William T. Krause
Title: Secretary

8

**Fill in this information to identify the case:**

Debtor name: View, Inc., *et al.*
United States Bankruptcy Court for the: District of Delaware
Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

### Chapter 11 or 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Wilmington Trust, National Association as trustee<br>Attn: Doris Meister, CEO, Robert C. Fiedler, Vice President and Counsel<br>1100 N. Market Street<br>Wilmington, DE 19890 | Wilmington Trust, National Association as trustee<br>Attn: Doris Meister, CEO, Robert C. Fiedler, Vice President and Counsel<br>PHONE: 302-651-1000<br>EMAIL: dmeister@wilmingtontrust.com | Unsecured Notes | | | | $222,258,316.00 |
| 2 | Momentum Glass<br>Attn: Omar Maalouf, Chief Executive Officer<br>25825 Aldine Westfield<br>Spring, TX 77373 | Momentum Glass<br>Attn: Omar Maalouf, Chief Executive Officer<br>PHONE: 281-809-2830<br>EMAIL: billing@momentum-glass.com | Trade Claim | | | | $2,513,529.95 |
| 3 | DeSoto County Tax Collector<br>Attn: Joey Treadway, Tax Collector<br>365 Losher St, #110<br>Hernando, MS 38632 | DeSoto County Tax Collector<br>Attn: Joey Treadway, Tax Collector<br>PHONE: 662-469-8030<br>EMAIL: lriley@desotocountyms.gov; joeytreadway@desotocountyms.gov | Tax (Property Tax) | Disputed | | | $2,284,487.13 |
| 4 | Jefferson Fields, LLC<br>Attn: Roger Fields, Manager<br>2390 El Camino Real, #210<br>Palo Alto, CA 94306 | Jefferson Fields, LLC<br>Attn: Roger Fields, Manager<br>PHONE: 650-327-2014<br>EMAIL: rfields@peninsulaland.com | Landlord | Disputed | | | $2,251,900.83 |
| 5 | Cherry Hill Glass Co., Inc.<br>Attn: Kevin O'Neill, President<br>20 Elm Street<br>Branford, CT 06405 | Cherry Hill Glass Co., Inc.<br>Attn: Kevin O'Neill, President<br>PHONE: 203-483-1717<br>EMAIL: jwetmore@cherryhillglass.com | Trade Claim | | | | $1,914,776.35 |
| 6 | Salesforce.com inc<br>Attn: Marc Benioff, Chief Executive Officer<br>415 Mission Street<br>San Francisco, CA 94105 | Salesforce.com inc<br>Attn: Marc Benioff, Chief Executive Officer<br>PHONE: 800-664-9073<br>EMAIL: pfairclough@salesforce.com | Trade Claim | | | | $1,138,952.68 |
| 7 | Alumaline Inc.<br>Attn: John Lombardi, Project Executive<br>25-37 Francis Lewis Blvd<br>Flushing, NY 11358 | Alumaline Inc.<br>Attn: John Lombardi, Project Executive<br>PHONE: 718-747-2150<br>EMAIL: jlombardi@alumalineinc.com | Trade Claim | | | | $1,075,109.60 |
| 8 | View the Space, Inc.<br>Attn: Nick Romito, Chief Executive Officer<br>1095 Avenue of the Americas, 14th Floor<br>Boston, MA 2284-4875 | View the Space, Inc.<br>Attn: Nick Romito, Chief Executive Officer<br>PHONE: 844-800-7109<br>EMAIL: billing@vts.com | Trade Claim | | | | $961,135.10 |
| 9 | Mohawk Glass<br>Attn: Richard Ochoa III, Owner<br>13691 Preciado Avenue<br>Chino, CA 91710 | Mohawk Glass<br>Attn: Richard Ochoa III, Owner<br>PHONE: 562-236-7359<br>EMAIL: richie@mohawkglasscompany.com | Trade Claim | | | | $796,846.50 |
| 10 | Harmon, Inc.<br>Attn: Troy Johnson, President<br>7900 Xerxes Avenue South, Suite 1800<br>Bloomington, MN 55431 | Harmon, Inc.<br>Attn: Troy Johnson, President<br>PHONE: 952-944-5766<br>EMAIL: tjohnson@harmoninc.com; mteixeira@harmoninc.com | Trade Claim | | | | $665,608.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | Weaver Austin Villeneuve & Sampson LLP. Attn: Roger S. Sampson, Partner 555 12th Street, Ste 1700 Oakland, CA 94607 | Weaver Austin Villeneuve & Sampson LLP. Attn: Roger S. Sampson, Partner PHONE: 510-663-1100 EMAIL: rmiller@wavsip.com; RSampson@wavsip.com | Professional Services | | | | $637,260.29 |
| 12 | ility.com, Inc. Attn: Marcus Moufarrige, Founder and CEO One World Trade Center, Suite 8500 New York, NY 10007 | ility.com, Inc. Attn: Marcus Moufarrige, Founder and CEO PHONE: 212-220-8782 EMAIL: ns@ility.com; mmoufarrig@ility.com | Trade Claim | Disputed | | | $623,542.00 |
| 13 | Morrison & Foerster LLP Attn: Caitlin Sinclaire Blythe, Managing Partner 425 Market Street Los Angeles, CA 90074-2335 | Morrison & Foerster LLP Attn: Caitlin Sinclaire Blythe, Managing Partner PHONE: 415-268-7000 EMAIL: AVickery@mofo.com; cblythe@mofo.com | Professional Services | Disputed | | | $573,897.14 |
| 14 | Azurelite Inc. Attn: James Hennessey, Project Manager 2301 E. Gladwick Street Compton, CA 90220 | Azurelite Inc. Attn: James Hennessey, Project Manager PHONE: 562-251-1440 EMAIL: jmhennessey@azureliteinc.com | Trade Claim | | | | $538,074.11 |
| 15 | Pioneer Window Mfg. Corp. Attn: Vincent Amato, CEO 6 Old Country Road, Suite 412 Garden City, NY 11530 | Pioneer Window Mfg. Corp. Attn: Vincent Amato, CEO PHONE: 516-822-7000 EMAIL: nick@pioneerwindows.com | Trade Claim | | | | $512,525.00 |
| 16 | Quanex IG Systems, Inc Attn: George Wilson, President and CEO 388 South Main Street, Suite 700 Atlanta, GA 3353-5445 | Quanex IG Systems, Inc Attn: George Wilson, President and CEO PHONE: 219-910-1500 EMAIL: tina.bailey@quanex.com | Trade Claim | | | | $492,064.25 |
| 17 | Volex Inc Attn: John Molloy, Chief Operating Officer 511 E San Ysidro Blvd, #509 San Ysidro, CA 92173 | Volex Inc Attn: John Molloy, Chief Operating Officer PHONE: EMAIL: Valery.Balderas@volex.com | Trade Claim | | | | $411,423.48 |
| 18 | NALI Portfolio, LLC Attn: President or General Counsel 54 W Madison, 4th Floor Chicago, IL 60602 | NALI Portfolio, LLC Attn: President or General Counsel PHONE: EMAIL: Shondra.Ector@jll.com | Landlord | | | | $350,769.02 |
| 19 | IES Communications LLC Attn: Matt Simmes, President 2801 S Fair Ln Tempe, AZ 85282 | IES Communications LLC Attn: Matt Simmes, President PHONE: 480-379-6200 EMAIL: chris.rossini@iescomm.com | Trade Claim | | | | $312,231.08 |
| 20 | TOTAL BUILDER'S SERVICES LLC Attn: Daniel Franco, President 9001 Wildflower Ln Kissimmee, FL 34747 | TOTAL BUILDER'S SERVICES LLC Attn: Daniel Franco, President PHONE: EMAIL: totalbuilderservices@gmail.com | Trade Claim | | | | $298,733.00 |
| 21 | Centerline Communication LLC Attn: Josh Delman, CEO 75 W. Center St. Suite 31 West Bridgewater, MA 02379 | Centerline Communication LLC Attn: Josh Delman, CEO PHONE: EMAIL: billing@clinellc.com | Trade Claim | | | | $287,839.00 |
| 22 | SINBON Electronics Co., LTD Taipei Attn: Mr. Shao-Hsin Wang, Chairman &Chief Executive Officer No. 889, Zhonghua Rd. Miaoli City, Miaoli, 360 Taiwan | SINBON Electronics Co., LTD Taipei Attn: Mr. Shao-Hsin Wang, Chairman &Chief Executive Officer PHONE: +886-2-26989999 EMAIL: Viewpos@sinbontech.com | Trade Claim | | | | $262,377.04 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 23 | RONTEC FACADE MANUFACTURING SDN. BHD<br>Attn: President or General Counsel<br>17, Jalan Silc 2/7 KWS Perindustrian Silc<br>Iskandar Putri, Johor 79100<br>Malaysia | RONTEC FACADE MANUFACTURING SDN. BHD<br>Attn: President or General Counsel<br>PHONE:<br>EMAIL: rtc.ranga@rontecfm.com | Trade Claim | | | | $206,121.16 |
| 24 | Mid-South Facility Services LLC<br>Attn: Otis Hafford, Owner<br>13447 Fairview Rd<br>Byhalia, MS 38611 | Mid-South Facility Services LLC<br>Attn: Otis Hafford, Owner<br>PHONE:<br>EMAIL: anthony@mid-southfs.com | Trade Claim | | | | $190,494.57 |
| 25 | SHI International Corp.<br>Attn: President or General Counsel<br>290 Davidson Avenue<br>Dallas, TX 75395-2121 | SHI International Corp.<br>Attn: President or General Counsel<br>PHONE: 888-764-8888<br>EMAIL: preston_trout@shi.com | Trade Claim | | | | $181,123.41 |
| 26 | TBP Converting<br>Attn: Peter Reardon, President<br>4 Thoms Drive, Suite 411<br>Phoenixville, PA 19460 | TBP Converting<br>Attn: Peter Reardon, President<br>PHONE: 800-850-3338<br>EMAIL: accounting@tbpphilly.com | Trade Claim | | | | $154,536.48 |
| 27 | IT Outlet Inc.<br>Attn: Kevin Huber, Chief Executive Officer<br>701 E 52ND ST.<br>Sioux Falls, SD 57104 | IT Outlet Inc.<br>Attn: Kevin Huber, Chief Executive Officer<br>PHONE: 605-275-4193<br>EMAIL: april@itoutlet.com | Trade Claim | | | | $143,040.00 |
| 28 | Primeline Windows and Doors Inc.<br>Attn: Joe Iaccino, President<br>237 Queen's plate Drive<br>Toronto, ON M9W 6Z7<br>Canada | Primeline Windows and Doors Inc.<br>Attn: Joe Iaccino, President<br>PHONE: 416-739-8500<br>EMAIL: tina@primelinewindows.com | Trade Claim | | | | $141,392.87 |
| 29 | Cargo Tours International Inc.<br>Attn: Joe Delli Carpini, President<br>167-10 S. Conduit Avenue, Suite 106<br>Jamaica, NY 11434 | Cargo Tours International Inc.<br>Attn: Joe Delli Carpini, President<br>PHONE: 718-723-2000<br>EMAIL: MSandolo@cargotours.com | Trade Claim | | | | $122,861.34 |
| 30 | Glassworks Unlimited<br>Attn: Tim Gerwatosky, Chief Executive Officer<br>1122 CR 2241<br>Greenville, TX 75402 | Glassworks Unlimited<br>Attn: Tim Gerwatosky, Chief Executive Officer<br>PHONE:<br>EMAIL: barbara@millerglassworks.com | Trade Claim | | | | $120,211.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VIEW, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-[●] (●)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, as of April 1, 2024:

1.  The following entity owns ten percent (10%) or more of the equity interests of View, Inc.'s ("View");

| Name | Shares (%) |
|---|---|
| SVF Excalibur (Cayman) Limited | 27.4% |

2.  View owns 100% of the equity interest in View Operating Corporation ("VOC");

and

3.  VOC owns 100% of the equity interest in Iotium, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: View, Inc. (5065), View Operating Corporation (4899), and Iotium, Inc. (4600). The Debtors' corporate headquarters is 6280 America Center Drive, Suite 200, San Jose, CA 95002.

**Fill in this information to identify the case:**

Debtor name  **View Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration  **Chapter 11 Case: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders; Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 2, 2024**          X **/s/ William T. Krause**
                                          Signature of individual signing on behalf of debtor

                                          **William T. Krause**
                                          Printed name

                                          **Chief Legal Officer**
                                          Position or relationship to debtor


Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**